UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY YOUNG,

                Plaintiff,                Case No. 1:17-cv-641

v.                                             Honorable Janet T. Neff

LANSING POLICE DEPARTMENT et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Lansing Police Department and Ingham County Probation Department. The Court will serve the complaint against Defendants Perock and Hamilton.

**Discussion**

I.  Factual allegations

Plaintiff Anthony Young presently is an inmate of the Ingham County Jail. He sues the Lansing Police Department and police officer (unknown) Perock, as well as the Ingham County Probation Department and probation officer Nancy Hamilton.

According to the complaint, on January 12, 2017, Plaintiff went to visit his brother at his brother's house on Kate Street in Holt, Michigan. Plaintiff knocked on the door and heard someone say, "Come in." (Compl., ECF No. 1, PageID.5.) When he opened the door, Plaintiff saw two Lansing police officers, Defendant Perock and an unknown officer, as well as Defendant probation officer Nancy Hamilton. Defendants appeared to be conducting a home search and visit of Plaintiff's brother, who was on probation. After seeing the officers, Plaintiff turned and walked back out, concluding that it was not a good time to visit. As he left, the door then opened behind him, and all three officers ran out of the house, tackled Plaintiff to the ground, and searched him to the point of spreading the cheeks of his buttocks.

Plaintiff contends that his brother was on probation, not him. He argues that the officers had the authority to search his brother's house and person, but did not have authority to search Plaintiff. In addition, he asserts that the Lansing police officers had no jurisdiction to search and seize someone outside a home located in Holt, Michigan, which was not within their jurisdictional area of Lansing. Plaintiff contends that Defendant Hamilton, as a probation officer, had no authority to search or seize Plaintiff, who was not under her authority.

For relief, Plaintiff seeks compensatory and punitive damages.

II.     <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Lansing Police Department

Plaintiff sues the Lansing Police Department. It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the Lansing Police Department is an improper defendant and is entitled to judgment as a matter of law. *Id.*

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intends to sue the City of Lansing. The City of Lansing may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff makes no factual allegations against the city. His claim rests entirely on a theory of vicarious liability, which, as discussed, fails to state a claim. *Id.* Moreover, to the extent that Plaintiff intends to imply the existence of a custom of unlawful searches, seizures, and arrests, such an unsupported theory would be wholly conclusory. As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must allege that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the

force of law." *Connick*, 563 U.S. at 60. Plaintiff cites no prior incidents demonstrating a widespread pattern. He merely implies that such a pattern exists. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against the City of Lansing. Accordingly, the Court will dismiss the City of Lansing and its Police Department.

Further, Plaintiff sues Defendant Officer Perock in his official capacity. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the City of Lansing. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 690 & n.55. For the same reasons Plaintiff fails to state a claim against Defendant City of Lansing, he fails to state a damages claim against Defendant Perock in his official capacity.

An official-capacity action seeking prospective injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Plaintiff, however, does not seek injunctive relief. As a consequence, Plaintiff's claim against Defendant Perock in his official capacity will be dismissed.

### B. Ingham County Probation Department

Plaintiff sues the Ingham County Probation Department. The Ingham County Probation Department is a division of the Michigan Department of Corrections (MDOC). *See* MICH. COMP. LAWS § 791.221 (establishing the bureau of probation within the MDOC); MICH. COMP. LAWS § 791.204 (establishing the exclusive jurisdiction of the MDOC over all probation officers

of the state); *see also Moore v. Michigan*, No. 13-11789, 2014 WL 1260702, at *2 (E.D. Mich. Mar. 27, 2014.) Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Ingham County Probation Department, a division of the MDOC.

Moreover, because Plaintiff's damages claim against the Ingham County Probation Department is barred by sovereign immunity, his damages claim against Defendant Hamilton in her official capacity also fails to state a claim. *See Will*, 491 U.S. at 71; *Monell*, 436 U.S. at 690 & n.55. Plaintiff does not seek prospective injunctive relief against Defendant Hamilton. He therefore does not meet the exception to sovereign immunity described in *Young*, 209 U.S. at159-60.

### C. Defendants Perock and Hamilton – Personal Capacity

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged claims against Defendants Perock and Hamilton in their personal capacities. The Court therefore will order service of the complaint against Defendants Perock and Hamilton.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lansing Police Department and Ingham County Probation Department will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss the official-capacity claims against Defendants Perock and Hamilton. The Court will serve the complaint against Defendants Perock and Hamilton in their personal capacities.

An Order consistent with this Opinion will be entered.


Dated: __August 10, 2017__      /s/ Janet T. Neff  
                                Janet T. Neff  
                                United States District Judge