UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANTHONY YOUNG,

    Plaintiff,

v.

LANSING POLICE DEPARTMENT, ET AL.,

    Defendants,

_____/

Hon. Janet T. Neff

Case No. 1:17-cv-00641

## REPORT AND RECOMMENDATION

From the beginning of this case, every item sent to the Plaintiff by the Court at the address he provided has been returned (ECF Nos. 6, 9, and 11). Plaintiff did send a letter (ECF No. 7) asking about the status of his case, which was received by the Court on August 28, 2017. The Clerk responded to the letter at the return address from the letter's envelope and reminded Plaintiff that he needed to update his address with the Court by written notice or request, stating, "**Please note, the Clerk's Office can only change address information on the docket through a written notice or request (the return address on an envelope only is not sufficient enough).**" (ECF No. 7-1, PageID.31). Plaintiff has not complied.

For the reasons discussed below, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. L.Civ.R. 41.1, recommends that **the present action be dismissed for Plaintiff's failure to prosecute**.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to

prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." As mentioned above, mail addressed to Plaintiff has been returned because Plaintiff has not provided the Court will his correct mailing address. This is a willful failure by Plaintiff which prejudices Defendants' ability to defend against Plaintiff's claims. While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his refusal to comply with the aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the reasons articulated herein, the Court recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute. Timely objections to this Report and Recommendation shall be considered plaintiff's opportunity to show cause why this matter should not be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: October 5, 2017                          /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                U.S. Magistrate Judge